IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:  5:19cr72/RH/MAL
 5:23cv195/RH/MAL

COREY PETERSON

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant Corey Peterson's amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and supporting memorandum of law. ECF No. 78. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the motion is untimely and it should be summarily dismissed because Peterson has established neither a right to rely on equitable tolling nor a credible claim of actual innocence.

BACKGROUND and DISCUSSION

On October 15, 2019, a federal grand jury charged Peterson with intentionally employing, using, persuading, inducing, enticing and coercing a minor to engage in

Page 1 of 11

sexually explicit conduct for the purpose of producing a visual depiction of such conduct in violation of 18 U.S.C. § 2251(a) and (e) (Count One) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(2) (Count Two).

On September 10, 2020, Peterson entered a guilty plea to Count One of the indictment. ECF Nos. 36-38, 69. According to the Statement of Facts in support of the plea agreement, the investigation began after the National Center for Missing and Exploited Children provided local law enforcement with a cyber tip about a Facebook account containing over 300 images and videos of possible child sexual abuse. ECF No. 36 at 1. The material depicted Peterson, who was in his 40's, engaged in sexual acts with a 15-year-old female. During a subsequent search of Peterson's phone, law enforcement discovered over 400 files of images and videos of the victim engaged in sexual conduct, including eight specific files depicting Peterson and the victim engaged in sexual intercourse over a ten-month period. *Id*. at 2. Text messages between the victim and Peterson discussed sexual activity and the victim's true age. *Id*. at 2-3.

During a post-*Miranda* interview, Peterson acknowledged having sex with the victim. ECF No. 36 at 3. He said she had come to his place because she was "talking

to" his son, and while initially he had a fatherly role, it "turned into something else." *Id.* He admitted having recorded some sex acts on his phone.

The Statement of Facts set forth the following elements the Government needed to prove to establish Defendant had produced child pornography in violation of 18 U.S.C. § 2251(a):

1. an actual minor, that is, a real person who was less than 18 years old, was depicted;
2. the Defendant employed, used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and
3. the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer.

ECF No. 36 at 3.

At the rearraignment, Peterson denied having as many as 400 files of images and videos on his personal phone, but otherwise did not take exception with the statement of facts. ECF No. 69 at 8. In response to the court's questions, he admitted having had sex with the 15-year-old girl and taking pictures of that behavior with a cell phone, all while knowing she was 15 years old. *Id.* at 8-9. The district court found after the sworn colloquy that Peterson's plea was entered knowingly, voluntarily, and intelligently and that the plea was supported by a factual basis. *Id.* at 16.

Pursuant to the Plea Agreement, Count Two was dismissed on the Government's motion at sentencing. ECF No. 37 at 2; ECF No. 55. Counsel argued for leniency at sentencing because Peterson had not shared the photos with anyone other than the victim, and it was she who uploaded them onto Facebook, which resulted in police involvement. The court sentenced Peterson well below the 262 to 327-month guideline range to a term of 192 months' imprisonment. ECF No. 55, 68. The court noted the case, "while very serious, is not as serious as some cases. Not as serious as a typical case covered by that guideline range." ECF No. 68 at 13. Peterson appealed, but the Eleventh Circuit dismissed the appeal upon Peterson's motion on May 12, 2021. ECF No. 74.

Nothing further was filed until July 20, 2023, when the Court received Peterson's unsigned § 2255 motion. ECF No. 75 at 12. The envelope in which the motion was filed bears a date stamp of July 17, 2023. In any event, Peterson recognizes that his motion is facially untimely and asks that the untimeliness be excused because "he is actually innocent of the charges for sexual exploitation of a minor and possession of child pornography." *Id.* at 11.

The Court directed Peterson to file an amended motion because the unsigned motion had not been sworn under penalty of perjury. ECF No. 77. It also specifically instructed Peterson to address the issue of timeliness, noting his motion was facially

untimely. Peterson's Amended Motion raising four grounds for relief is now before the Court. He claims (1) his guilty plea was not knowingly and intelligently made, (2) agents withheld exculpatory information, (3) he is "actually innocent," and (4) counsel was constitutionally ineffective for failing to investigate and discover Peterson was being convicted under the wrong statute. In response to the question directing him to explain the timeliness of his motion, he inexplicably states only "Amend Timely Motion." ECF No. 78 at 12.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Peterson's motion was filed on or about July 17, 2023. ECF No. 75 at 16. Therefore, in light of the May 12, 2021 dismissal of his appeal, it is facially untimely. Unless Peterson establishes his entitlement to equitable tolling, his motion is time barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing

*Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew,* 297 F.3d at 1286). The burden is on the moving defendant to show that he is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999)). There is nothing in the instant motion to suggest that Peterson intended to, or is entitled to, invoke the doctrine of equitable tolling. Rather, he appears only to claim "actual innocence" excuses his untimely filing.

Page 6 of 11

It is true that a credible claim of actual innocence can supersede the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). However, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)); *see also McKay v. United States*, 657 F.3d 1190, 1197–98 (11th Cir. 2011)). "To establish actual innocence, the petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror [would have] convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)).

Peterson states in the instant motion that he is "actually innocent and factually innocent of committing the offense for; (sic) production of child pornography." ECF No. 78 at 7. This assertion contradicts his sworn admission to the district court at his rearraignment that he had sex with the 15-year-old girl and took pictures of that behavior with a cell phone, all while knowing she was 15 years old. ECF No. 69 at 8-9. A defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977); *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (citing *Blackledge*). This is because solemn declarations made under oath in open court

carry a strong presumption of verity. *Blackledge*, 431 U.S. at 73–74; *Winthrop-Redin,* 767 F. 3d at 1216 (citing *Blackledge*). Peterson claims law enforcement withheld exculpatory information from him that would have proven his innocence, to wit, the victim's statement to law enforcement that Peterson did not ask her to send him any nude or naked photos and her response that she filmed her and Peterson together, but he did not. ECF No. 78 at 5, 15. Considering Peterson's unequivocal statement to the contrary at his rearraignment, this untested evidence is not proof of his actual innocence.

Peterson appears to argue in Grounds One and Four of his motion that he is actually innocent of the charge of conviction: sexual exploitation of a minor and possession of child pornography in violation of 18 U.S.C. § 2251(a) and (e), because he pleaded guilty only to the charge of production of child pornography, and that counsel was ineffective for not recognizing Peterson was convicted under the wrong statute. ECF No. 78 at 4, 8. Peterson does not identify the statute under which he believes he should have been convicted. The necessary elements of Count One, Production of Child Pornography in violation of 18 U.S.C. § 2251(a), were set forth in the Statement of Facts. There is nothing in the record that would call into question the district court's finding that Peterson's guilty plea was supported by a factual basis. ECF No. 69 at 16.

In the Eleventh Circuit, to secure a conviction under § 2251(a), the Government must "prove beyond a reasonable doubt that *one purpose* of the sexually explicit conduct was to produce a visual depiction." *United States v. Lebowitz*, 676 F.3d 1000, 1013 (11th Cir. 2012) (emphasis added). The Government does not have to prove the production of a depiction was the only, or even the "dominant," motive for the sexual contact. *Id.* at 1013-1015; *United States v. Hughes*, 798 F. App'x 388, 390 (11th Cir. 2019). This is because "dual purposes are sufficient for a conviction, and [courts] 'need not concern [them]selves' with whether the illegal purpose was dominant over other purposes." *Hughes,* 798 F. App'x at 391 (quoting *Lebowitz*, 676 F.3d at 1014 (quoting *Forrest v. United States*, 363 F.2d 348, 352 (5th Cir. 1966))). An argument that "visual depictions were incidental to a consensual romantic relationship with a minor is not a viable defense to a charge under § 2251(a)." *Hughes*, 798 F. App'x at 391 (citing *United States v. Miller*, 819 F.3d 1314, 1316 (11th Cir. 2016)). Whether "some other sexual encounter would have occurred even without recording equipment is irrelevant;" purposeful conduct is not "incidental." *Lebowitz*, 676 F.3d at 1013 (finding purposeful defendant's bringing camera and tripod through victim's bedroom window because there was not room for the recording equipment in the car).

Given the law and the district court's findings at rearraignment, Peterson has not presented a credible claim of actual, factual innocence sufficient to defeat the statute of limitations in this case. *McQuiggin*, 569 U.S. at 392; *Bousley*, 523 U.S. at 623-24. As such, his untimely amended § 2255 motion must be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may

bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The amended motion to vacate, set aside, or correct sentence (ECF No. 78) be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

At Gainesville, Florida on August 17, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.